IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE A COROUTHERS,

     Plaintiff,

v.                                      CASE NO. 5:09-cv-00036-RS-GRJ

MAJOR FLOWERS, et al,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment. (Doc. 45.) Plaintiff has responded (Doc. 47) and therefore the motion is ripe for review. For the reasons discussed below, it is recommended that Defendants' Motion for Summary Judgment should be granted and this case should be dismissed.

## I. Background and Facts

Plaintiff is a practicing Muslim inmate, who contends that he was deprived of the ability to observe Ramadan while he was confined at Gulf Correctional Institution in 2007. Plaintiff has sued Defendants Ring and Henry – both of whom were chaplains at Gulf CI – for allegedly interfering with Plaintiff's ability to practice Islam. According to Plaintiff, Ring interfered with Plaintiff's fast and observation of Ramadan, forced Plaintiff to attend chapel services and improperly calculated the beginning of Ramadan by not properly viewing the moon. Plaintiff alleges that Henry (the other chaplain) also interfered with Plaintiff's fast for Ramadan and also forced Plaintiff to attend chapel services. With regard to Defendant Flowers – who at the time was a major at Gulf CI –

Plaintiff alleges that Flowers placed Plaintiff in confinement for not participating in the

"Eid" prayer,[1] forced Plaintiff to attend chapel services, placed Plaintiff in confinement

for attempting to incite a riot and then ultimately caused Plaintiff to be transferred to

Jackson CI.

Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, claiming that his

rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42

U.S.C. § 2000cc-1, *et seq*, the Florida Religious Freedom Restoration Act (FRFRA),

Fla. Stat. § 761.01, *et seq* and the Plaintiff's rights under the First Amendment were

violated.

According to Plaintiff, the chaplains at Gulf CI calculate the one month

observance period for Ramadan without first sighting the new moon, as the Muslim faith

dictates.[2] (First Amend. Compl., Doc. 12 at 5-6). Defendant Ring – Lead Chaplain at

Gulf CI during 2007 – attests that he was given instructions from the Florida

Department of Corrections Chaplaincy Department that Ramadan would begin on

September 13, 2007 and end on October 12, 2007, with Eid closing prayers scheduled

for October 13, 2007. (David Ring Aff. 1, Doc. 45, Ex. A). Defendant Henry –

Chaplain for Other Personnel Services (OPS) during this time period – was instructed

---

[1] Eid is an Arabic word meaning festival. The feast of Eid al-Fitr marks the end of Ramadan. The Eid prayer is recited at the end of Ramadan. Hudson v. Dennehy, 538 F.Supp. 2d 400, 407 n.15 (D. Mass. 2008).

[2] Although Plaintiff has provided materials that show Ramadan must be calculated by sighting the new moon (Doc. 12, Ex; Doc. 47, Exs. A, B) the materials do not address how the Ramadan schedule for 2007 – the year in question – was calculated on the lunar cycle or how the calculation by prison officials was inaccurate. Thus, while Plaintiff has included random pages from unidentified sources which reference the lunar cycles for the years 2005 and 2006 there is no information showing that in 2007 the lunar cycle for Ramadan was not September 13, 2007, through October 12, 2007, as the FDOC scheduled it. Id.

similarly. (Daniel Henry Aff. 2, Doc. 45, Ex. B). Plaintiff contends this practice violates the Qu'ran, and even though Plaintiff participated in Ramadan for three previous years based on this method of calculation, Plaintiff and other inmates refused to attend Eid prayers at the close of Ramadan in 2007 because they were concerned that the ending of the Ramadan fast had not been calculated accurately. (Doc. 12 at 6-7). When Plaintiff and other inmates refused to attend chapel for Eid prayers, Chaplain Henry told the inmates they could return to their dorm. Id.

Defendant Flowers issued Plaintiff a disciplinary report two days later for inciting a riot. Id. Plaintiff alleges that Flowers/ intent was to force Plaintiff to attend Eid prayers, a practice which Plaintiff contends would have offended the Qu'ran and substantially interfered with his Muslim practice. Id. Flowers avers that he authorized administrative confinement for Plaintiff pending an investigation into whether Plaintiff incited others to riot. (James E. Flowers Aff. 2, Doc. 45, Ex. C). Flowers avers that during this investigation several inmates alleged that Plaintiff had caused a division among Muslim inmates by coercing some to object to the guidelines for Ramadan. Id. Flowers decided to remove Plaintiff from general population after discussing it with Chaplain Ring. Id. Flowers stated that he told Plaintiff why he was being confined and that the confinement had nothing to do with the religious services. Id. During Plaintiff's confinement, Flowers contends that he did not prevent Plaintiff from continuing to fast or pray in accordance with his faith. Id.

According to Plaintiff, he was placed in administrative confinement for more than 70 days and then was transferred to Jackson CI. (Doc. 12 at 8). According to Flowers, Plaintiff did not receive any disciplinary action as a result of the disciplinary report, but a

*Page 4 of 12*

transfer was approved later "to resolve the situation." (Flowers Aff. 2). Plaintiff claims

that because he received the disciplinary report he was not allowed to transfer closer to

home because he did not have a three year span without any disciplinary reports.

(Doc. 12 at 8).

Plaintiff requests damages in the amount of $30,000.00 and mandatory

injunctive relief compelling Defendant Ring to calculate Ramadan according to the new

moon.[3] Id. at 10.

## II. **Standard of Review**

Summary judgment is appropriate where "there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

56(a). All issues of material fact should be resolved in favor of the Plaintiff or non-

moving party before the Court determines the legal question of whether the defendant

is entitled to judgment as a matter of law under that version of the facts. Durruthy v.

Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299

(11th Cir. 2002). A party asserting that a fact is in genuine dispute must support that

assertion by pointing to materials in the record such as depositions, affidavits,

admissions, interrogatory answers or other materials. Fed. R. Civ. P. 56(c). "Genuine

disputes are those in which the evidence is such that a reasonable jury could return a

verdict for the non-movant. For factual issues to be considered genuine, they must

---

[3] An inmate's claim for injunctive or declaratory relief in a 1983 case is rendered moot upon his transfer to another institution. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), *citing* Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). The Eleventh Circuit found this general rule to be applicable in RLUIPA claims, but held that monetary damages are not moot under similar circumstances and are available under RLUIPA as part of the "appropriate relief" afforded by Congress in section 3 of the Act, 42 U.S.C. § 2000cc(a). Smith v. Allen, 502 F.3d 1255, 1270 (11th Cir. 2007) (recognizing circuit split of authority on this question).

*Case No: 5:09-cv-00036-RS -GRJ*

have a real basis in the record." <u>Mize v. Jefferson City Bd. of Educ., 93 F.3d 739</u>, 742 (11th Cir.1996). "Inferences based upon speculation are not reasonable," and may not defeat a motion for summary judgment. <u>Marshall v. City of Cape Coral, Fla.</u>, 797 F.2d 1555, 1559 (11th Cir.1986). Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion. <u>Earley v. Champion Int'l Corp.</u>, 907 F.2d 1077, 1081 (11th Cir.1990).

### III. <u>Discussion</u>

#### A. <u>RLUIPA</u>

With regard to Plaintiff's claim that the Defendants violated RLUIPA, Plaintiff has failed to carry his burden of persuasion that the miscalculation of Ramadan by one day imposed a substantial burden upon his Muslim practice.

The provision of RLUIPA, relevant to the religious exercise of institutionalized persons provides in relevant part that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government can demonstrate that the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

Notably, RLUIPA differs from traditional First Amendment jurisprudence in at least two ways. First, RUILPA expanded the protection to include any "religious exercise," and it "bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 725 n. 13 (2005). Second,

RLUIPA requires the government to meet the much stricter burden of showing that the burden it imposes on religious exercise is 'in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest. Id. at 714.

Plaintiff of course "bears the initial burden of going forward with evidence to demonstrate a prima facie claim that the challenged state action constitutes "a substantial burden on the exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994 (9th Cir. 2005). Thus, to establish a *prima facie* case under the RLUIPA, plaintiff must show: (1) that he engaged in a religious exercise, and (2) that the religious exercise was substantially burdened by a government practice. Muhammad v. Sapp, 388 Fed. Appx. 892, 895 (11th Cir. 2010). "The plaintiff bears the burden of persuasion on whether the government practice that is challenged by the claim substantially burdens the exercise of religion." Smith, 502 F.3d at 1276. Substantial burden requires something more than an incidental effect or an inconvenience on a religious exercise. Midrash Sephardi v. Town of Surfside, 366 F.3d 1214, 1225 (11th Cir. 2004).

Plaintiff's RUILPA claim fails because he cannot demonstrate the Defendants imposed any substantial burden on the exercise of his right to practice Islam. While there is no issue that Plaintiff was engaging in a religious exercise (i.e. the practice of Islam and the observance of Ramadan), the alleged miscalculation of the date of the rising moon by one day by prison officials did not substantially burden or hinder Plaintiff's ability to practice Islam. Substantial burden means something "akin to significant pressure which directly coerces the religious adherent to conform his or her

behavior accordingly." <u>Midrash</u>, 366 F.3d at 1225.

Plaintiff was not prevented from participating in the observance of Ramadan nor was he placed in a cell and denied his right to participate in Eid prayers. Rather, on the evening of the Eid prayer Plaintiff simply objected to what he perceived as a miscalculation of the end of Ramadan and refused to go forward with the prayer. Plaintiff was permitted to return to his cell and was not confined there to prevent him from practicing his religion. Thus, even viewing Plaintiff's allegations in the light most favorable to him, there is no evidence that Plaintiff was forced to attend the Eid prayers. Indeed, Plaintiff concedes this point and instead argues that he did not want to attend the Eid prayers because in his view the fasting period of Ramadan had not yet ended and, therefore, it was premature to attend the Eid prayers. Further, after Plaintiff refused to attend the Eid prayer the chaplains allowed the Plaintiff to return to his cell. Notably, Plaintiff was not forced to break his fast when he returned to his cell and there is no evidence that the prison officials did anything to prevent the Petitioner from practicing Islam while he was in his cell.

Essential to demonstrating a substantial burden, the Plaintiff must show that the Defendants engaged in some type of conduct the purpose of which was to coerce Plaintiff into conforming his behavior. The simple miscalculation of the alleged end of Ramadan does not rise to the level of conduct which can be characterized as creating a substantial burden on the ability of the Petitioner to practice Islam.

Further - while the record fails to establish whether prison official miscalculated the end of Ramadan by one day – even assuming there was a one day miscalculation this calculation was the same calculation used by prison officials for the three years

prior to 2007 and in each of those years the Plaintiff attended the Eid prayer, thus,

demonstrating that the miscalculation did not – and does not – constitute a substantial

burden upon the Petitioner's exercise of his religion. As the Eleventh Circuit made clear

in Smith v Allen "in order to constitute a 'substantial burden' on religious practice, the

government's actions must be 'more than ... incidental' and 'must place more than an

inconvenience on religious exercise.'" 502 F.3d at 1277. Thus, to constitute a

substantial burden "[t]he governmental action must significantly hamper one's religious

practice." Id. Simply put, the miscalculation created nothing more than an

inconvenience on Petitioner's ability to practice Islam – it did not prevent him from doing

so and most certainly did not coerce him into not practicing his religion. *See, e.g.* Omar

v. Casterline, 414 F. Supp.2d 582, 593 (W.D. La. 2006)("the refusal to hold three meals

because of Ramadan states only a *de minimis* imposition on [the prisoner's] free

exercise rights."); Mohammad v. Beard, no. 05-580, 2007 WL 1439051 (W.D. Pa.

2007)(denial of a prayer rug by prison officials does not impose a substantial burden to

Muslim inmate under RUILPA).

In addition to Plaintiff's claim that the miscalculation of the end of Ramadan

violated his rights under RIULPA, Plaintiff also claims that the disciplinary report issued

by Flowers violated his rights because it was designed to coerce Plaintiff to conform his

religious beliefs. This claim fails, however, for the simple reason that Flowers was not

even present when Plaintiff refused to attend the Eid prayer services and Flowers did

not become involved with Plaintiff and the events surrounding the Eid prayer until two

days *after* the incident occurred. Flowers confirms that he first learned of the incident

during an investigation of the alleged "riot" that ensued when Plaintiff instigated other

inmates to refuse chapel.  (Doc. 45, Ex. C.) Notably, even using Plaintiff's calculations Ramadan had ended when the disciplinary report was issued. Thus, Flower's actions could not have had any impact –  let alone an impact that created a substantial burden – on Plaintiff's exercise of his religion.

   In addition to the fact that Flowers did not become involved until two days later, it is undisputed that Plaintiff was allowed to continue his Ramadan observance by fasting, prayers or "allowable property" during his administrative confinement while the incident was investigated.  Id. at  2.  When Plaintiff objected to the calculation of the date for the  Eid prayers and Plaintiff returned to his cell he was allowed to continue the fast. Moreover, even though the Plaintiff missed the scheduled Eid prayer and feast with the other inmates who chose to attend the feast, Plaintiff did so by his own choice and not because prison officials ordered him to go to his cell. Where, as here, a Plaintiff voluntarily has declined to participate in a religious event, a defendant has not created a substantial burden.  McDaniels v. Sherman, No. CO9-1296-JCC, 2010 WL 5620955,* 6-7 (W.D. Wash. Sept. 28, 2010) (no substantial burden found where prisoner missed Eid feast and undisputed record shows that it was his own actions, not those of the Defendants, that prevented him from attending).

   Accordingly, for all of these reasons, Plaintiff has failed to demonstrate that the actions of Defendants created a substantial burden on his exercise of his religious rights and, therefore, summary judgment is due to be granted in favor of Defendants and against Plaintiff on Plaintiff's claims for violation of RIULPA.

   **B.    FRFRA**

   Plaintiff also attempts to bring a claim under the Florida Religious Freedom

Restoration Act ("FRFRA"). Fla. Stat. § 761.01 *et seq.* FRFRA is substantially similar to

RLIUPA and provides:

> (1) The government shall not substantially burden a person's exercise of
> religion, even if the burden results from a rule of general applicability,
> except that government may substantially burden a person's exercise of
> religion only if it demonstrates that application of the burden to the person:
>
> > (a)     Is in furtherance of a compelling governmental interest; and
> >
> > (b)     Is the least restrictive means of furthering that compelling
> > governmental interest.

Plaintiff's claim under FRFRA can be disposed of summarily because courts

apply the same analysis under RLUIPA to claims under FRFRA.  Christian Romany

Church Ministries, Inc. v. Broward County, 980 So.2d 1164, 1167 (Fla. Dist. Ct. App.

2008).

The definition of "substantial burden" under FRFRA is the same as under

RLUIPA.  Warner v. City of Boca Raton, 887 So. 2d 1023, 1033 (Fla. 2004) ( "a

substantial burden on the free exercise of religion is one that either compels the

religious adherent to engage in conduct that his religion forbids or forbids him to engage

in conduct that his religion requires.") Thus, under FRFRA –  as is the case under

RLIUPA –  where a plaintiff fails to show a substantial burden upon his religious

practice, no further analysis is required.  Id. at 1035;  Christian, 980 So.2d at 1168 (if

plaintiff fails to satisfy threshold burden, showing of compelling interest under FRFRA

unnecessary and analysis ends).

Accordingly, because Plaintiff has not – and cannot –  demonstrate that

Defendants created a substantial burden on the exercise of his religious rights under

RLIUPA, Plaintiff cannot make the required showing under FRFRA and, therefore, Defendants are entitled to summary judgment in their favor on Plaintiff's claims under FRFRA.

### C.   First Amendment

Lastly, although Plaintiff has not sufficiently alleged a claim under the First Amendment, because Plaintiff mentions the First Amendment in his response to Defendants' Motion for Summary Judgment, the Court will address this claim.[4]  (Doc. 47 at 5).

Because First Amendment claims offer significantly less protection for prisoners with regard to their religious practices,[5] Smith, 502 F.3d at 1264 n. 5, it follows that a First Amendment claim would fail where, as here, Plaintiff has failed to present sufficient evidence to support a claim under RLIUPA.  Accordingly, because Plaintiff's claim is insufficient to defeat Defendants' motion for summary judgment on the RLUIPA claims, Plaintiff's claim under the First Amendment would also fail.

### IV.  Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendants' Motion for Summary Judgment (Doc. 45) should be

---

[4]  While Plaintiff also mentions equal protection for the first time in his response (Doc. 47 at 4) he offers nothing to support this claim.  Consequently, the Court need not address this claim.

[5]  Prison regulations or policies challenged under the First Amendment are still analyzed under a reasonableness test and will be upheld if they are "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 340, 349 (1987), *citing* Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

*Case No: 5:09-cv-00036-RS -GRJ*

**GRANTED,** and this cause should be **DISMISSED.**

At Gainesville, Florida, this 16th day of March, 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.